**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 30, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL A. BACON,

Defendant - Appellant.

No. 19-4167
(D.C. Nos. 2:19-CV-00735-DN &
2:14-CR-00563-DN-1)
(D. Utah)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **BACHARACH**, and **McHUGH**, Circuit Judges.
_____

Michael A. Bacon, a federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's order dismissing his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence as second or successive, filed without authorization from this court. We deny a COA and dismiss the matter.

In 2015, Bacon pleaded guilty pursuant to a plea agreement to two counts of bank robbery and one count of credit union robbery. At the plea hearing, Bacon asked that a sealed plea supplement not be filed on the docket. The court denied the request as

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

inconsistent with a court-wide policy. Bacon was sentenced to 80 months' imprisonment and 60 months of supervised release.

Less than a year later, Bacon filed his first § 2255 motion. Bacon argued that his conviction and sentence should be set aside on the grounds of prosecutorial misconduct and ineffective assistance of counsel. His ineffective assistance claim included an argument that counsel was ineffective for failing to get the sealed plea supplement removed from the docket. Bacon also argued that his 60-month term of supervised release exceeded the maximum term allowed by statute and should be reduced. The district court denied Bacon's prosecutorial misconduct claim and dismissed it with prejudice because he waived the right to seek collateral review on this ground in the plea agreement. The court also denied the ineffective assistance claim on the merits and dismissed it with prejudice. The court, however, granted Bacon's claim regarding the term of supervised release, and reduced the term to 36 months. Bacon's subsequent appeal was dismissed for failure to prosecute.

Within a year of resentencing, Bacon filed a second motion under § 2255 in which he reasserted claims relating to the sealed plea supplement. Separately, he raised a claim that he was entitled to credit for time served. The district court dismissed the motion for lack of jurisdiction as an unauthorized second or successive motion and denied a COA. Bacon cannot appeal without first obtaining a COA from this court. *See* 28 U.S.C. § 2253(c).

Because the district court dismissed the motion on procedural grounds, to obtain a COA, Bacon must show *both* "that jurists or reason would find it debatable whether the

2

[motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (emphasis added).

In his application for a COA, Bacon does not explain why the district court's procedural ruling was wrong; instead, he repeats his objections concerning the sealed plea agreement and attacks the court, the prosecutors, and his own counsel for failing to remove it from the docket. Setting aside whether Bacon's claims are even the proper subject of a § 2255 motion or raise any debatable claims of the denial of a constitutional right, he must *also* show that the court's procedural ruling is debatable, which he has not done. We therefore deny a COA and dismiss the matter. We also deny Bacon's request to proceed on appeal without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk